| | |
|---|---|
| 1 | MORRIS NAZARIAN, Bar N¡, 230275 |
| | monazarian@yahoo.com |
| 2 | LAW OFFICES OF MORRIS NAZARIAN |
| | 1875 Century Park East, Suite 1345 |
| 3 | Los Angeles, California 90067 |
| | Telephone: 310.284.7333 |
| 4 | Facsimile: 310.284.7332 |
| 5 | Attorney for Plaintiff |
| | Jeanette Velarde |
| 6 | |
| 7 | HEATHER M. DAVIS, Bar No. 239372 |
| | hdavis@littler.com |
| 8 | LITTLER MENDELSON, P.C. |
| | 2049 Century Park East |
| | 5th Floor |
| 9 | Los Angeles, CA 90067.3107 |
| | Telephone: 310.553.0308 |
| 10 | Facsimile: 310.553.5583 |
| 11 | Attorneys for Defendant |
| | WAL-MART STORES, INC. |

**CHAMBERS COPY OF E-FILED DOCUMENT**

AUG - 2 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

*NOTE CHANGES MADE BY THE COURT*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEANETTE VELARDE, an individual, | | Case No. CV 11-8581-SVW-AGRx |
| | Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER** |
| v. | | |
| WAL-MART STORES, INC., a California Corporation; and DOES 1 through 25, inclusive, | | First Amended Complaint served: Feb. 23, 2012 |
| | | Current Response date: March 8, 2012 |
| | Defendants. | New Response date: March 15, 2012 |

Plaintiff Jeanette Velarde ("Plaintiff") and Defendant Wal-Mart Stores, Inc. ("Defendant") (collectively referred to herein as the "Parties"), by and through their counsel of record, hereby stipulate and agree as follows:

### Good Cause Statement

Plaintiff's allegations, including his claims for failure to provide suitable seating and failure to reimburse for business-related expenses, may require disclosure of private and/or confidential information regarding Defendant's current and/or former employees, including information about employees' pay, contact information and/or performance histories. In addition, Defendant expects that Plaintiff may request and it may need to produce trade secret and/or business confidential information involving Defendant's business policies and practices that would likely cause significant harm to Defendant if made available or accessible publicly or to Defendant's competitors. Good cause therefore exists for the issuance of this protective order which will allow the parties to engage in discovery in the above-captioned lawsuit while providing a means for limiting access to, and disclosure of, private, confidential and/or trade secret information. The purpose of this protective order is to protect the confidentiality of such materials as much as practical during the litigation.

### Definitions And Designation

"Confidential Information" means any information contained in a document that is stamped with a "Confidential" designation. Confidential Information may include, but is not limited to: (a) confidential or sensitive company proprietary business information and (b) information about current, past or prospective employees that is of a confidential or private nature, including current or former employees' names and contact information, wage information and job performance documentation.

Stamping "Confidential" on the cover of a multiple page document shall classify all pages of the document with the same designation unless otherwise indicated by the designating party. Marking or stamping "Confidential Information" on a label on any electronic storage medium shall designate the entire contents of such electronic storage medium as Confidential Information.

Any party that designates material as Confidential Information must take care to limit any such designation to specific material that qualifies under the appropriate standards and, where appropriate, must designate as Confidential Information only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not unjustifiably designated as Confidential Information. Mass, indiscriminate, or routinized designations of material as Confidential Information are prohibited, and designations that are shown to be clearly unjustified or that have been made for an improper purpose (*i.e.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the party making such designations to sanctions.

## Access to Confidential Information

Confidential Information produced or received in this action subject to this protective order shall not be disclosed by any person who has received such Confidential Information through this action except to: the Court, including assigned judges, their staff, jurors and other court personnel; court reporters and videographers recording or transcribing testimony in this action; attorneys of record for the parties and their respective associates, paralegals, clerks, and employees involved in the conduct of this litigation and in-house attorneys at Defendant. Notwithstanding the foregoing, the following designated persons may also receive and review Confidential Information:

      a.    Current or former employees of Defendant who may

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

2.

serve as witnesses, but only to the extent that the Confidential Information is directly related to their expected testimony;

  b. Plaintiff Jeanette Velarde and any other named plaintiff that may be added to the litigation;

  c. Any person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this action;

  d. Experts or consultants who are engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action;

  e. Mediators used to try to resolve the action;

  f. Any other person with the prior written consent of the designating party.

Prior to reviewing any Confidential Information, any person who falls within a category identified in Paragraph 4(a)-(f) shall be provided a copy of this protective order and shall agree to be bound by its terms by executing the non-disclosure agreement in the form set forth in Attachment A.

The parties shall retain copies of any executed non-disclosure agreements until the end of the action. In the event of a possible violation of this protective order while this action is pending, a party may request that the Court order production of the executed non-disclosure agreements for good cause. Otherwise, the non-disclosure agreements are confidential and are not subject to any discovery request while the action is pending. No more than sixty (60) calendar days after the end of litigation in the action, the party who received the Confidential Information shall provide copies of

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

3.

all executed non-disclosure agreements to the party who produced the Confidential Information.

The action is at an end when all of the following that are applicable occur: (a) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (b) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (c) all available appeals have concluded or the time for such appeals has expired; and (d) any post appeal proceedings have concluded.

### Use Of Confidential Information

Confidential Information shall be used solely and exclusively for preparing for, attempting to settle, and prosecuting this case, including the claims brought on behalf of the named plaintiff(s) and hourly or non-exempt employees in California in this case, pending the completion of the judicial process, including appeal. Confidential Information cannot be used for any other purpose in any other matter or proceeding for any reason whatsoever. However, this Agreement is not intended to be an "agreement restricting a member's practice" in violation of California Rules of Professional Conduct, Rule 1-500.

Nothing in this protective order shall restrict any party's counsel from giving advice to its client with respect to this action and, in the course thereof, relying upon Confidential Information and, provided that in giving such advice, counsel shall not disclose the other party's Confidential Information other than in a manner expressly provided for in this protective order.

Testimony taken at a deposition that involves Confidential Information or must be designated as "Confidential" by making a statement to that effect on the record at the deposition, identifying the specific testimony or items claimed to be Confidential Information. Arrangements shall be made with the deposition reporter taking and transcribing information designated as Confidential to bind separately such portions of the deposition transcript, and/or to label such portions appropriately. If any portions

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

4.

AGR

1  of the deposition transcript and/or video or audio versions of the depositions contain
2  Confidential Information, or references thereto, they must be filed with the Court in
3  compliance with this protective order and Local Rule 79-5.

4        A copy of the protective order shall be attached as an exhibit to the deposition
5  transcript and the court reporter shall be subject to the protective order and precluded
6  from providing the original or copies of the deposition transcript or portions thereof,
7  any copies thereof, or portions of copies thereof, to any persons or entities other than
8  counsel of record in the action. Any audiotape and/or videotape of said deposition
9  shall also be subject to this protective order. The deposition videographer shall be
10 subject to this protective order and precluded from providing the original deposition
11 videotape or portions of the videotape to any persons or entities other than counsel of
12 record. Any audiotape shall also be subject to this protective order and all persons
13 shall be precluded from providing the original deposition audiotape or portions of the
14 audiotape, to any persons or entities other than counsel of record in the action.

15        Only individuals permitted access to Confidential Information or shall attend
16 any deposition where Confidential Information. Individuals attending any depositions
17 using Confidential Information shall not disclose to any person any statements made
18 by deponents at depositions that reference Confidential Information unless that person
19 is independently allowed access to the information. Nothing in this protective order
20 gives any individual the right to attend a deposition that they would not otherwise be
21 entitled to attend.

<strong><u>No Waiver And Challenges to Designation</u></strong>

23        Whether or not any evidence or testimony is, in fact, designated as
24 "Confidential" shall not be conclusive of whether it is lawfully entitled to trade secret
25 or other confidentiality protections, and the failure to make such a designation shall
26 not constitute a waiver of any such protections.

27        By entering into this protective order, the parties do not waive any right to
28 challenge whether any material designated or not designated as Confidential

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

5.

Information is properly designated or not designated as such, and do not waive the right to challenge at any hearing, trial or other proceeding whether such information is, in fact, confidential or private. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

The burden of persuasion in any proceeding challenging the designation of any material as Confidential Information shall be on the party making the designation. Frivolous challenges, and those made for an improper purpose (*i.e.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the party making the challenge to sanctions. In the event of a challenge to the designation of material as Confidential Information, all parties shall continue to treat the challenged materials as Confidential Information until the court rules on the challenge.

### Filing Under Seal And Handling At Hearings And Trial

With regard to any Confidential Information to be filed with the Court, any party seeking to file such documents shall apply to do so under seal, in accordance with Central District Local Rule 79-5.



Should the need arise to offer testimony at a hearing or trial to present evidence marked as Confidential, the parties will work in good faith to reach an agreement to use a redacted version of the evidence. If they cannot reach an agreement, then the designating party will be allowed an opportunity to seek an appropriate court order to appropriately restrict what Confidential Information becomes public. Nothing shall prejudice any parties' rights to object to the introduction of any Confidential Information or into evidence, on grounds, including, but not limited to, relevance and privilege.

### Inadvertent Failure To Designate

If, through inadvertence, any party produces or offers as testimony any Confidential Information without labeling it or otherwise designating it as such, the producing party may, at any time, give written notice designating such information as Confidential Information.

### Clawback Provisions

The parties also wish to protect certain privileged and work product documents, information, and electronically stored information against claims of waiver in the event they are produced during the course of this litigation, whether pursuant to a Court order, a discovery request or informal production.

The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including but not limited to the attorney-client privilege and/or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

If any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the receiving party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged or protected; (b) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or other identifying information; and (d) return all hard and soft copies of the documents and, where the documents have been transferred or stored electronically, delete the documents from the devices on which they are or were stored or accessed or otherwise make them inaccessible. The steps in this paragraph shall be completed within seven (7) days of discovery by the receiving party. The producing party shall preserve all document(s) returned under this paragraph until it confirms that there is no dispute about the privileged and/or work product nature of the document(s) or, if there is a dispute, until the privilege

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

7.

1  issue is resolved. Notwithstanding the provisions of this paragraph, the receiving
2  party is under no obligation to search or review the producing party's documents to
3  identify potentially privileged or work product protected documents.
4      Upon written notice of an unintentional production by the producing party or
5  oral notice if notice is delivered on the record at a deposition, the receiving party must
6  promptly return all hard and soft copies of the specified document(s). Where the
7  document(s) have been transferred or stored electronically or are themselves
8  privileged or attorney work product protected, the receiving party must delete the
9  documents from the devices on which they are or were stored or accessed or otherwise
10 make them inaccessible to the receiving party.
11     To the extent that the information contained in a document subject to a claim
12 has already been used in or described in other documents generated or maintained by
13 the receiving party, then the receiving party must delete and/or render inaccessible
14 those portions of the document that refer to the privileged and/or work product
15 information. If the receiving party disclosed the specified document(s) before being
16 notified of its inadvertent production, it must take reasonable steps to retrieve the
17 document(s).
18     The receiving party shall have seven (7) days from receipt of notification of the
19 inadvertent production to determine in good faith whether to contest such claim and to
20 notify the producing party in writing of an objection to the claim of privilege and the
21 grounds for that objection.
22     The receiving party's return or destruction of such privileged or protected
23 documents as provided herein will not act as a waiver of the requesting party's right to
24 move for the production of the returned or destroyed documents on the grounds that
25 the documents are not in fact subject to a viable claim of privilege or protection.
26 However, the receiving party is prohibited and estopped from arguing that the
27 production of the documents in this matter acts as a waiver of an applicable privilege
28 or evidentiary protection, that the disclosure of the documents was not inadvertent,

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents or that the producing party failed to take reasonable steps to rectify the error.

The parties shall meet and confer within seven (7) days from the receipt of the objection notice in an effort to resolve the situation by agreement. If an agreement is not reached, the receiving party may file an appropriate motion and, as part of that motion, request that the producing party submit the specified documents to the Court under seal *or in camera* for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection except where such a submission would violate existing law. Any party may request expedited treatment of any request for the Court's determination of the claim.

### Termination Of Case

The terms of this protective order shall survive the final termination of this action and shall be binding on all of the parties thereafter.

Within sixty (60) business days of the termination or settlement of this action, each party must return, make available for pick-up, or destroy Confidential Information received during this litigation from the other party and copies of any deposition transcripts designated as Confidential Information. Where Confidential Information has been transferred or stored electronically, the receiving party must delete the electronic versions from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the receiving party. Notwithstanding these provisions, that counsel of record for the parties may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, consultant and expert work product, and those copies of any part of the Confidential Information that have become part of the official record of this litigation and may retain abstracts or summaries of such materials, which contain counsel's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
641 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

9.

1 | mental impressions or opinions. Such information shall remain subject to the terms of this protective order.

Upon returning to the other side all Confidential Information and/or deposition testimony or upon destroying such information, the returning party must also execute and furnish the Certificate of Surrender and Deletion of Confidential Information in the form set forth in Attachment B.

### Miscellaneous Provisions

The parties expressly agree that, by entering into this protective order, they do not waive any objections to any discovery requests and, further, that they do not agree to the production of any information or documents, or type or category of information or documents.

This protective order is subject to modification by stipulation of the parties. The Court may modify the terms and conditions of this protective order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties request that the Court provide them with notice of the Court's intent to modify the protective order and the content of those modifications, prior to incorporate of such modifications.

Dated: June 15, 2012

Morris Nazarian
Law Offices of Morris Nazarian
Attorneys for Plaintiff

Dated: June __, 2012

HEATHER M. DAVIS
LITTLER MENDELSON, P.C.
A Professional Corporation
Attorneys for Defendant
WAL-MART STORES, INC.

IT IS SO ORDERED.
DATED: August 2, 2012

Alicia G. Rosenberg
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

10.

# ATTACHMENT A

## CONFIDENTIAL INFORMATION NON-DISCLOSURE AGREEMENT

~~1. I have had the opportunity to review the protective order in this action, and I agree that I am one of the following: (a) a current or former employee of Defendant who has been asked to serve as a witness on an issue related to the Confidential Information that I am receiving or being shown; (b) a named plaintiff to the action; (c) a person who at this juncture was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by receipt of such Confidential Information in connection with this action; (d) an expert or consultant who has been engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action; (e) a mediator used to try to resolve the action; or (f) a person who the parties to the action have agreed in writing may receive Confidential Information.~~

[handwritten: AGR]

3. I agree not to disclose any of the Confidential Information to any third person and further agree that my use of any Confidential Information shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose. I further agree that on or before the termination or settlement of this action, I will return all Confidential Information which is in my possession, custody, or control to the attorneys involved in the action so that it can be returned as provided in the protective order.

5. By signing this Confidential Information Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

Dated: _____, 2012

_____
SIGNED

_____
PRINT NAME

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

## ATTACHMENT B

## CERTIFICATE OF SURRENDER AND DELETION
## OF CONFIDENTIAL INFORMATION

The undersigned hereby represents that, pursuant to the protective order, all Confidential Information within the possession, custody or control of the undersigned has been returned to the producing party to the extent it could be returned either in hard or soft copy, or destroyed. The undersigned further represents that, pursuant to the protective order, and to the extent Confidential Information was transferred or stored electronically, all electronic versions of the material and information have been deleted from the devices on which they were stored or accessed or otherwise rendered inaccessible.

Dated: _____, 2012

_____
SIGNED

_____
PRINT NAME

Firmwide:112400685.1 015602.7898

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1.